UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Annie Wang | Zachary Turner, Pro Se (By Telephone) |

**Proceedings:**   **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2)** (filed 12/27/2010)

## I.   INTRODUCTION

On September 29, 2010, plaintiff Deckers Outdoor Corporation ("Deckers") filed the complaint in the instant action against defendant Zachary Turner ("Turner"). The complaint alleges that plaintiff owns registered trademarks related to Ugg brand footwear. Compl. ¶ 8. The complaint further alleges that defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear breaching plaintiff's trademarks. Id. at ¶ 14. Plaintiff alleges the following claims relating to these facts: (1) trademark infringement pursuant to 15 U.S.C. §§ 1114, 1115; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1125 (a) and (d); (3) dilution of famous mark in violation of the Lanham Act, 15 U.S.C. § 1125(c); (4) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (5) dilution in violation of Cal. Bus. & Prof. Code § 14247.

On December 27, 2010, defendant filed the instant motion to dismiss. On February 7, 2011, plaintiff filed an opposition. On February 15, 2011, defendant filed a reply in support of his motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

(9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) The claim must arise out of or result from the defendant's forum-related activities; and
(3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The purposeful availment prong is treated differently in a contracts case. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction ," a court must evaluate four factors to determine whether this prong is met: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478-79.

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

### III. DISCUSSION

Defendant argues that this Court has neither general nor specific personal jurisdiction over him. Mot. at 3. With respect to general jurisdiction, defendant asserts that plaintiff does not allege that defendant is domiciled in California, nor that he conducts continuous and systematic activities in the state of California. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

With respect to specific personal jurisdiction, defendant first argues that plaintiff cannot show that he purposefully directed activities towards California, because it cannot satisfy the "effects" test as articulated in Calder v. Jones, 465 U.S. 783 (1984).[1] Id. at 5. "While Plaintiff is able to satisfy the first prong by alleging that Defendant's actions were intentional, Plaintiff fails to satisfy the second or third prongs. With respect to the second prong, Plaintiff alleges no facts indicating that Defendant expressly aimed his activities towards the state of California. Plaintiff alleges only that Defendant had a website through which he allegedly sold counterfeit UGG brand merchandise [www.happyuggboots.com]. (Compl. ¶ 3). At all times, Defendant maintained his residence at his home in Austin, TX, and never once ventured to California to conduct business." Id. at 6. "With respect to the third prong, Plaintiff also fails to show that Defendant caused harm he knew was likely to be suffered in California. Plaintiff does not allege that Defendant was aware that Plaintiff had its principal place of business in California. Plaintiff does not even allege that Defendant knew Plaintiff was the owner of the UGG trademark. Without knowing Plaintiff's identity or location, Defendant could

---

[1] Defendant contends that it is proper to apply the purposeful direction test, rather than purposeful availment, in the instant case because "[i]n cases such as this one, for the purpose of analyzing personal jurisdiction, courts characterize violations of the Copyright Act and the Lanham Act as torts and use the purposeful direction analysis." Mot. at 5, citing Browne v. McCain, 612 F. Supp. 2d 1118, 1123 (C.D. Cal. 2009); Waits v. Frito-Lay, Inc., 978 F. 2d 1093, 1098 (9th Cir. 1992) (overruled on other grounds); Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1144 (N.D. Cal. 2007); and Plastwood Corp. v. Robinson, 2004 WL 1933625 at *4 (S.D.N.Y. 2004). However, defendant further argues that plaintiff cannot establish personal jurisdiction under the personal availment test, either. Mot. at 7. Defendant argues that there is no purposeful availment in this case under the holding in Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008) because plaintiff only "presents evidence of one sale of allegedly counterfeit boots to a buyer who happened to be in California." Id. at 8. Therefore, as in Boschetto, defendant argues the Court should find there is no purposeful availment because "'[t]his was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there.'" Id. at 8-9, citing Boschetto, 539 F. 3d. at 1019. (In reply, defendant acknowledges that "[u]pon closer inspection of his sales records, Defendant discovered that 2 sales had been made to California, [rather than one], one of which was the December 9 transaction by Plaintiff's investigator. Reply at 1 n.2).

Case 2:10-cv-07273-CAS-AGR   Document 21   Filed 02/28/11   Page 5 of 8   Page ID #:216

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

not have known that any harm he allegedly caused was 'likely' to be suffered in California." Id. In these circumstances, defendant argues, the Court should adopt the reasoning employed in Imageline, Inc. v. Hendricks, 2009 U.S. Dist. LEXIS 71125 at *2 (C.D. Cal. Aug. 12, 2009) and Bravado Int'l Group, et al. v. Straughn, et al., No. 08-06182, slip op. at 6 (C.D. Cal. Jan. 25, 2010), to find that there is no specific personal jurisdiction. Id. Furthermore, plaintiff argues, because plaintiff cannot show that defendant purposefully directed its activities at the forum state, it also cannot show that the claims arose out of the forum-related activities, because it has not shown that there are any forum-related activities, and therefore cannot meet the second prong of the *Schwarzenegger* test. Id. at 9-10.

Even if the Court were to find that plaintiff had met the first two prongs of the test, however, defendant further argues that it is improper to exercise personal jurisdiction over him because to do so would be unreasonable. Id. at 10. "The Ninth Circuit considers the following non-dispositive seven factors in analyzing whether personal jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." Id., citing Terracom v. Valley Nat'l Bank, 49 F. 3d 555, 561 (9th Cir. 1995). With respect to the first factor, defendant argues that he "has not had any purposeful interjections into the affairs of the State of California. . . . . Defendant did not advertise in California or target California residents in anyway [sic]. Nor did Defendant know that Plaintiff was a resident of California or was the owner of the trademarks and copyrights at issue." Mot. at 10-11. "The official website for UGG is www.uggaustralia.com. It is not apparent on the website that the UGG [sic] has any affiliation with California." Reply at 2. With respect to the second factor, defendant argues that the burden on him to defend the case in California would be high. Mot. at 11. Defendant argues that the third factor is neutral in this case because "[p]laintiff mostly raises claims that are governed by federal law." Id. at 11. As to the fourth factor, defendant acknowledges that this factor may lean in plaintiff's favor because it has its principal place of business in California, but argues further that "while California has a strong interest in protecting the rights of its resident corporations, its interest is diminished in this case because Plaintiff is primarily alleging federal laws, and all of the alleged infringing activity occurred outside of California." Id. As to the fifth factor, defendant argues that this factor is also neutral, as "witnesses and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

evidence are likely equally located in both California and Texas." Id. As to the sixth, defendant argues that because "[p]laintiff is a large, international corporation that conducts business all over the country, [it] can conveniently litigate outside of California," such that this factor weighs in defendant's favor. Id. at 12. As to the seventh factor, defendant argues that Texas is an adequate alternative forum. Id. On balance, therefore, defendant argues that exercise of jurisdiction over defendant "would be unreasonable, and thereby offend traditional notions of fair play and substantial justice." Id.

In opposition, plaintiff argues that jurisdiction is proper based on defendant's contacts with the state of California. Opp. at 1. Specifically, plaintiff argues that defendant: (1) "made multiple sales into this district" [of allegedly counterfeit items]; (2) solicited and processed orders using PayPal, Inc., and apparently eBay.com,[2] both companies which are based in California; (3) "advertised using 'twitter' and 'facebook' on his website, companies that are also both based in California; (4) "operates a membership program that is by definition an ongoing relationship, including with those who have California addresses"; (5) "maintains a Los Angeles based telephone number, one used in connection with his infringing sales"; (6) has traveled extensively "to Los Angeles and elsewhere"; and (7) "intentionally chosen to use the mark of a California corporation in his promotion of an unlawful counterfeiting business." Id. at 1-3,6. Plaintiff argues that these activities are sufficient to establish purposeful availment, and cites to a number of cases in which it argues that courts have found jurisdiction proper where "facts [were] more attenuated than those present here," including Brayton Purcell LLP v. Recordon & Recordon, 606 F. 3d 1124, 1129 (9th Cir. 2010); Sinatra v. National Enquirer, Inc., 854 F. 2d 1191, 1195 (9th Cir. 1988), and McGee v. Int'l Life Insur. Co., 355 U.S. 220, 221-23 (1957). Id. at 3,8. Plaintiff further argues that the cases cited by defendant, Imageline, Bravado, and Boschetto, are either inapposite or non-binding. Id. at 8-9.

---

[2] In reply, defendant contends that he has never sold UGG boots through eBay "or anywhere else other than through happyuggboots.com. Defendant mistakenly made a reference to eBay on page 10 of his 'Memorandum of Points and Authorities in Support of Motion to Dismiss,' and characterizes the mention of eBay as a "clerical error." Reply at 1, n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

Moreover, plaintiff argues, the relatedness requirement is met because "[p]laintiff's claims would not have existed 'but for' Defendant's actions relating to the forum state." Id. at 10. Finally, plaintiff argues, the exercise of jurisdiction is reasonable, and defendant has "failed to carry his burden to show a 'compelling case' against a finding of specific jurisdiction." Id. at 10. First, plaintiff argues, "the purposeful interjection factor is in favor of Plaintiff given Defendant's intentional business with numerous California corporations that are integral to his business including but not limited to PayPal, eBay, the intentional use of advertising through twitter and facebook, also based in California, his continued use and maintenance of his Los Angeles based telephone number for use in his business, his intentional use of Plaintiff's trademark "UGG®" in his infringing domain name, and his intentional sales of counterfeit product into California." Id. at 10-11. With respect to the burden on defendant, plaintiff argues it is small as "the Central District has mandatory e-filing procedures that can be done anywhere, additionally given Defendant's internet business, there is likely very little physical evidence that will require transport. Defendant also appears to be a self-admitted frequent world traveler such that coming to California for any in-person appearances should be relatively easy." Id. at 11. Additionally, plaintiff argues that "there is no known conflict with the sovereignty of any state, which militates in favor of keeping the case in California," and "the forum state's interest is significant as California is the state of Plaintiff's principal place of business, Defendant has frequently visited and maintained a physical presence here through his telephone number, and given Defendant's receipt of the benefits of key California corporations." Id. Plaintiff also argues the "the most efficient judicial resolution of the controversy would be to deny Defendant's motion" to avoid duplication of efforts and because most of the evidence is located in California. Id. Finally, plaintiff argues that "the importance of the forum to this case . . . weighs in favor of keeping the case here in light of the rampant counterfeiting of Plaintiff's trademarks," and "though there may be an argument for the existence of an alternate form, Defendant's home state of Texas, his argument is one of convenience for him alone and should be discounted in light of his extensive travels." Id. at 12.

Moreover, plaintiff argues, defendant's motion should be denied because it "relies almost exclusively on his affidavit that is based on speculation or is contradicted by limited facts known to Plaintiff." Id. at 13.

In reply, defendant argues that "[p]laintiff distracts the Court by referring to irrelevant contacts Defendant has had with California," as the "only contacts at issue are those related to the sales of allegedly counterfeit UGGs." Reply at 1,2. Moreover,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-7273 CAS (AGRx) | Date | February 28, 2011 |
|---|---|---|---|
| Title | DECKERS OUTDOOR CORPORATION V. ZACHARY TURNER | | |

defendant argues, plaintiff's references to Facebook, twitter, and Paypal are insufficient to confer jurisdiction, as to do so "would be to extend this Court's jurisdiction over the millions of people using these sites, regardless of what city or country they lived in." Id. at 3. Defendant further argues that plaintiff "misreads" Brayton Purcell and Boschetto. Id. Specifically, defendant argues that this case is distinguishable from Brayton Purcell because "there is no indication in this case that Defendant knew of Plaintiff's existence or location." Id. at 4. With respect to Boschetto, defendant argues that plaintiff is incorrect in arguing that its holding is limited to contract cases. Id. at 4. "Though Boschetto involved a contract claim and applied a purposeful availment analysis, the case still offers guidance because it made clear that one sale to a California resident does not automatically confer personal jurisdiction." Id., citing Boschetto, 539 F. 3d at 1020. Further, defendant adds, while not binding, Imageline and Bravado can be relied on as persuasive authority. Id. at 5.

## IV.   CONCLUSION

The Court finds that it is appropriate to allow plaintiff to conduct jurisdictional discovery with respect to the question of defendant's knowledge that harm was likely to occur in California. Therefore, in accordance with the foregoing, the Court permits plaintiff to conduct jurisdictional discovery. At the conclusion of such discovery, plaintiff shall submit a supplemental brief to the Court not to exceed ten (10) pages, within **sixty (60)** days after the filing of this order. Defendant shall then submit a response to the supplemental brief within **fourteen (14)** days after defendant files its supplemental brief. The Court will thereafter take the matter under submission.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |